141 F.3d 1171
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Antoine L. PERKINS, Appellant.
UNITED STATES of America, Appellee,
v.
Charles Matthew NEWSOME, also known as Rossevelt Pettus, Appellant.
 Nos. 97-3592WA, 97-3623WA.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 24, 1998.
Filed March 3, 1998.
 
 Appeals from the United States District Court for the Western District of Arkansas.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Antoine L. Perkins and Charles Matthew Newsome contend the district court improperly refused to dismiss their indictments for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1994). Perkins and Newsome were indicted with two codefendants for the armed robbery of a pharmacy containing a postal service counter and neither was released on bond between indictment and trial. Aside from excludable delays for various pretrial motions, Perkins and Newsome contend their trials were unreasonably delayed by a codefendant's interlocutory appeal. We disagree and affirm.
 
 
 2
 In a case involving multiple defendants, an exclusion applicable to one defendant applies to all defendants, see United States v. Fogarty, 692 F.2d 542, 546 (8th Cir.1982), if the excludable delay is reasonable, see United States v. Lewis, 759 F.2d 1316, 1351 (8th Cir.1985). The reasonableness of the delay is "not one of mathematical calculation," but depends on the facts of each case. See United States v. Mobile Materials, Inc., 871 F.2d 902, 917 (10th Cir.1989) (per curiam). Having reviewed the record and the parties' briefs, we conclude the delay occasioned by the interlocutory appeal did not violate Perkins's and Newsome's speedy-trial rights. We thus affirm their convictions. See 8th Cir. R. 47B.